**PHILIP R. WOOTEN**
Arizona State Bar No. 007006
Philip R. Wooten PC
3413 E. Equestrian Trail
Phoenix, AZ 85044-3403
Telephone: 480-598-4330
Facsimile:  480-598-4331
philip.wooten@azbar.org
*Attorney for Defendant Trans Union LLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| NICOLE FLOOR (DREW),<br>　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO BANK,<br>NATIONAL ASSOCIATION,<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br>AND TRANS UNION LLC,<br>　　　　　　Defendants. | Case No. _____<br><br>**DEFENDANT TRANS UNION LLC'S<br>NOTICE OF REMOVAL**<br><br>(Removed from McDowell Mountain Justice<br>Court, Maricopa County,<br>Case No. CC2016-186591) |

Trans Union LLC ("Trans Union") files this Notice of Removal pursuant to 28 U.S.C. §1446(d), and in support thereof, would respectfully show the Court as follows:

### A.  Procedural Background

1.　　On or about October 16, 2016, Nicole Floor (Drew) ("Plaintiff") filed the Original Complaint in this action in the McDowell Mountain Justice Court of the State of Arizona in and for the County of Maricopa, under case no. CC2016-186591, ("State Court Action"), against Defendants Wells Fargo Bank, National Association ("Wells Fargo), Experian Information Solutions, Inc. ("Experian"), and Trans Union.  Plaintiff alleges that Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

1

2.      The time period for filing a responsive pleading in the State Court Action has not expired as of the filing of this Notice of Removal.  No orders have been entered in the State Court Action as of the fillling of this Notice of Removal.

3.      Trans Union was served with Plaintiff's Original Complaint on October 25, 2016.  Wells Fargo was served with Plaintiff's Complaint on October 25, 2016.  Experian was served with Plaintiff's Complaint on October 21, 2016.  This Notice of Removal is being filed within the thirty (30) day time period required by 28 U.S.C. §1446(b).

### B.  Grounds for Removal

4.      The present suit is an action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b), as it is a civil action founded on a claim or right arising under the laws of the United States.  Removal is thus proper because Plaintiff's claims present a federal question.  *Id.*  In the Complaint, Plaintiff seeks damages for Defendants' alleged violations of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*  Moreover, any future claims based on state law may be adjudicated by this Court pursuant to 28 U.S.C. § 1367.

### C.  Compliance with Procedural Requirements

5.      Pursuant to 28 U.S.C. § 1446(b), this Notice is being filed with this Court within thirty (30) days after Trans Union received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

6.      Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in this Court because it is in the district and division embracing the place where the state court action is pending.

7.      Promptly after the filing of this Notice of Removal, Trans Union shall give written notice of the removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the McDowell Mountain Justice Court of the State of Arizona in and for the County of Maricopa, as required by 28 U.S.C. § 1446(d).

8.      Pursuant to 28 U.S.C. § 1446(a) and local rule 3.7, a copy of all process, pleadings, and orders served upon Trans Union in the State Court Action is attached hereto as **Exhibit A**.

9.      Trial has not commenced in the McDowell Mountain Justice Court of the State of Arizona in and for the County of Maricopa.

10.     All Defendants that have been served upon the date filing of this Notice of Removal consent to the removal of this case.  By filing this Notice of Removal, Trans Union LLC consents to the removal of this case.  Joinder in the Removal from Wells Fargo and Experian are attached hereto as **Exhibit B**.

WHEREFORE, Trans Union LLC respectfully prays that the action be removed to this Court and that this Court assume full jurisdiction as if it had been originally filed here.

Dated: November 14, 2016.


**PHILIP R. WOOTEN P.C.**


By  /s/  Philip R. Wooten
Philip R. Wooten (# 007006)
3413 E. Equestrian Trial
Phoenix, AZ  85044-3403
Telephone: (480) 598-4330
Facsimile:   (480) 598-4331
Email: Philip.wooten@azbar.org
**COUNSEL FOR DEFENDANT**
**TRANS UNION LLC**

1

2
## CERTIFICATE OF SERVICE

3
       This is to certify that a true and correct copy of the above and foregoing document

4
has been forwarded to the following on this the 14th day of November, 2016 as follows:

5

6
Kevin F. McCarthy
Devan E. Michael

7
Devan.michael@mccarthylawyer.com

8
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320

9
Scottsdale, AZ 85251
(602) 456-8900

10

11
*Counsel for Plaintiff*

12

13
Jonathan Adam Dessaules
Dessaules Law Group

14
5353 N 16th St., Ste. 110

15
Phoenix, AZ 85016
602-274-5400

16
Fax: 602-274-5401

17
Email: jdessaules@dessauleslaw.com

18
*Counsel for Experian Information
Solutions*

19

20

21

Adam Elliott Lang
Jenny J. Winkler
Snell & Wilmer LLP
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-0001
602-382-6000
Fax: 602-382-6070
Email: alang@swlaw.com
Email: jwinkler@swlaw.com

*Counsel for Wells Fargo Bank, N.A.*

By /s/ Philip R. Wooten

**PHILIP R. WOOTEN**

22

23

24

25

26

27

28

# EXHIBIT A

McDOWELL MOUNTAIN
JUSTICE COURT
FILED

16 OCT 17  AM 10: 07

1

**MCCARTHY   LAW   PLC**
CANDID CONVERSATION.  WISE COUNSEL.

2   Kevin Fallon McCarthy, 011017
Devan E. Michael, 032803

3   4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251

4   602-456-8900
Devan.michael@mccarthylawyer.com

5   Attorneys for Plaintiff

6                    McDOWELL MOUNTAIN JUSTICE COURT
                  MARICOPA COUNTY, STATE OF ARIZONA

7          18380 NORTH 40TH STREET, PHOENIX, ARIZONA 85032

8   NICOLE FLOOR (DREW),                    Case No.:  CC2016186591

9          Plaintiff,                        **SUMMONS**

    v.

10  WELLS FARGO BANK, NATIONAL
    ASSOCIATION, EXPERIAN

11  INFORMATION SOLUTIONS, INC., AND
    TRANS UNION LLC,

12
          Defendants.

13

14  **STATE OF ARIZONA TO:**

15      **WELLS FARGO BANK, NATIONAL ASSOCIATION**

16      S/A: CORPORATION SERVICE COMPANY
        2338 WEST ROYAL PALM ROAD SUITE J

17      PHOENIX, ARIZONA 85021

18      **EXPERIAN INFORMATION SOLUTIONS, INC.**

19      S/A: CT CORPORATION SYSTEM
        3800 NORTH CENTRAL AVENUE, SUITE 460

20      PHOENIX, ARIZONA 85012

21      **TRANS UNION LLC**

22      S/A: PRENTICE-HALL CORP SYSTEM
        2338 WEST ROYAL PALM ROAD SUITE J

23      PHOENIX, ARIZONA 85021

24

25  ///

26  ///

27  ///

MCCARTHY LAW, PLC
4250 N. DRINKWATER
BLVD
SUITE 320
SCOTTSDALE, ARIZONA

Floor v. Wells Fargo Bank et al          1                    COMPLAINT

**THE STATE OF ARIZONA TO THE ABOVE-NAMED DEFENDANT(S):**

1. YOU ARE SUMMONED to respond to this complaint by filing a written ANSWER with this Court and by paying the required fee. If you cannot afford to pay the required fee, you may request that the Court either waive or defer the fee.

2. If you were served with this summons in the State of Arizona, the Court must receive your answer within twenty (20) calendar days from the date you were served. If you were served outside the State of Arizona, the Court must receive your answer within thirty (30) calendar days from the date you were served. If the last day is a Saturday, Sunday, or legal holiday, you will have until the next working day to file your answer. When calculating time, do not count the day you were served with the summons.

3. Your answer must be in writing.

     (a) You may obtain an answer form from this Court.

     (b) You may also obtain an answer form from the Form section of the Maricopa County Justice Courts website at http://justicecourts.maricopa.gov.

4. Provide a copy of your answer to the Plaintiff(s) or to the Plaintiff's attorney in accordance with JCRCP Rule 120.

5. **IF YOU FAIL TO FILE A WRITTEN ANSWER WITH THIS COURT WITHIN THE TIME INDICATED ABOVE, A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU.**

The name and address of Plaintiffs' attorney is:

        Kevin Fallon McCarthy, Esq.
        Devan E. Michael, Esq.
        McCARTHY LAW PLC
        4250 North Drinkwater Boulevard, #320
        Scottsdale, Arizona 85251

SIGNED AND SEALED this date: _____ 10-17-16

        By:_____

        Deputy Clerk

## NOTICE TO THE DEFENDANT: A LAWSUIT HAS BEEN FILED AGAINST YOU IN JUSTICE COURTS

You have rights and responsibilities in this lawsuit. Read this notice carefully.

1. In a justice court lawsuit, individuals have a right to represent themselves, or they may hire an attorney to represent them. A family member or a friend may not represent someone in justice court unless the family member or friend is an attorney. A corporation has a right to be represented by an officer of the corporation, and a limited liability company ("LLC") may be represented by a managing member. A corporation or an LLC may also be represented by an attorney. If you represent yourself, you have the responsibility to properly complete your court papers and to file them when they are due. The clerks and staff at the court are not allowed to give you legal advice. If you would like legal advice, you may ask the court for the name and phone number of a local lawyer referral service, the local bar association, or a legal aid organization.

2. You have a responsibility to follow the Justice Court Rules of Civil Procedure ("JCRCP") that apply in your lawsuit. The rules are available in many public libraries, at the courthouse, and online at the Court Rules page of the Arizona Judicial Branch website, at http://www.azcourts.gov/, under the "AZ Supreme Court" tab.

3. A "plaintiff" is someone who files a lawsuit against a "defendant." You must file an answer or other response to the plaintiff's complaint in writing and within twenty (20) days from the date you were served with the summons and complaint (or thirty (30) days if you were served out-of-state.) If you do not file an answer within this time, the plaintiff may ask the court to enter a "default" and a "default judgment" against you. Your answer must state your defenses to the lawsuit. Answer forms are available at the courthouse, on the Maricopa County Justice Court website at http://justicecourts.maricopa.gov/, and on the Self-Service Center of the Arizona Judicial Branch website at http://www.azcourts.gov/ under the "Public Services" tab. You may also prepare your answer on a plain sheet of paper, but your answer must include the court location, the case number and the names of the parties. You must provide to the plaintiff a copy of any document that you file with the court, including your answer.

4. You may bring a claim against the plaintiff if you have one. When you file your answer or written response with the court, you may also file your "counterclaim" against the plaintiff.

5. You must pay a filing fee to the court when you file your answer. If you cannot afford to pay a filing fee, you may apply to the court for a fee waiver or deferral, but you must still file your answer on time.

6. You may contact the plaintiff or the plaintiff's attorney and try to reach an agreement to settle the lawsuit. However, until an agreement is reached you must still file your answer and participate in the lawsuit. During the lawsuit, the court may require the parties to discuss settlement.

7. Within forty (40) days after your answer has been filed, you and the plaintiff are required to provide a disclosure statement to each other. The disclosure statement provides information about witnesses and exhibits that will be used in the lawsuit. A party may also learn more about the other side's case through discovery. Read the Justice Court Rules of Civil Procedure for more information about disclosure statements and discovery.

8. The court will notify you of all hearing dates and trial dates. You must appear at the time and place specified in each notice. If you fail to appear at a trial or a hearing, the court may enter a judgment against you. To assure that you receive these notices, you must keep the court informed, in writing, of your current address and telephone number until the lawsuit is over.

MᴄCᴀʀᴛʜʏ  L ᴀ ᴡ  P L C
Cᴀɴᴅɪᴅ Cᴏɴᴠᴇʀsᴀᴛɪᴏɴ. Wɪsᴇ Cᴏᴜɴsᴇʟ.

**Kevin Fallon McCarthy, 011017**
**Devan E. Michael, 032803**
**4250 North Drinkwater Blvd, Suite 320**
**Scottsdale, AZ  85251**
**602-456-8900**
**Devan.michael@mccarthylawyer.com**
**Attorneys for Plaintiff**

MᴄDOWELL MOUNTAIN
JUSTICE COURT
FILED

16 OCT 17  AM 10: 07

### McDOWELL MOUNTAIN JUSTICE COURT
### MARICOPA COUNTY, STATE OF ARIZONA
18380 Nᴏʀᴛʜ 40ᴛʜ Sᴛʀᴇᴇᴛ, Pʜᴏᴇɴɪx, Aʀɪᴢᴏɴᴀ 85032

NICOLE FLOOR (DREW),

    Plaintiff,

v.

WELLS FARGO BANK, NATIONAL
ASSOCIATION, EXPERIAN
INFORMATION SOLUTIONS, INC.,
AND TRANS UNION LLC,

    Defendants.

Case No.: CC2016186591

**COMPLAINT FOR VIOLATION OF FAIR
CREDIT REPORTING ACT (15 U.S.C. § 1681
*et seq.*)**

**COMES NOW** Plaintiff, NICOLE FLOOR (DREW) ("Plaintiff"), by and through counsel undersigned, and for its cause of action against the Defendants above-named alleges as follows:

1.      That, on information and belief, Defendant WELLS FARGO BANK, NATIONAL ASSOCIATION ("WELLS FARGO") is, and at all times relevant hereto was, a corporation registered with the Arizona Corporation Commission as a Foreign Corporation doing business in Arizona and has designated the following registered statutory agent: CORPORATION SERVICE COMPANY, 2338 W. ROYAL PALM RD., STE J, PHOENIX, AZ 85021.

2.      That, on information and belief, WELLS FARGO is, and at all times relevant hereto was, regularly doing business in the State of Arizona.

3.      That, on information and belief, Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") is a credit reporting agency, as defined by 15 U.S.C. § 1681a(f), licensed to do business in Arizona and has designated the following registered statutory

1  agent: CT CORPORATION SYSTEM, 3800 N. CENTRAL AVE., STE 460, PHOENIX, AZ

2  85012.

3      4.     That, on information and belief, EXPERIAN is, and at all times relevant hereto was,

4  regularly doing business in the State of Arizona.

5      5.     That, on information and belief, Defendant TRANS UNION LLC. ("TRANS

6  UNION") is a credit reporting agency, as defined by 15 U.S.C. § 1681a(f), licensed to do business

7  in Arizona and has designated the following registered statutory agent: PRENTICE-HALL CORP

8  SYSTEM, 2338 WEST ROYAL PALM ROAD, STE J, PHOENIX, AZ 85021.

9      6.     That, on information and belief, TRANS UNION is, and at all times relevant hereto

10  was, regularly doing business in the State of Arizona.

11      7.     That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the

12  Fair Credit Reporting Act ("FCRA") and that personal jurisdiction exists over Defendants as they

13  had the necessary minimum contacts with the State of Arizona.

14      8.     That the Plaintiff is a consumer and victim of inaccurate reporting by Defendants,

15  and has suffered particularized and concrete harm.

16      9.     On or about December 31, 2015, Defendant WELLS FARGO issued a 1099-C,

17  cancellation of debt, for Plaintiff's Wells Fargo credit card account ending in 7496-3820

18  ("Account"). Exhibit A.

19      10.    The 1099-C canceled the principal balance owed, excluding interest and fees.

20      11.    The Identifiable Event Code on the 1099-C is marked "G". Exhibit A.

21      12.    Code "G" on a 1099-C represents that the creditor has made a decision or policy to

22  discontinue collection of the debt and cancel the debt.

23      13.    Subsequently, WELLS FARGO submitted a tax form 1099-C to the Internal

24  Revenue Service ("IRS") for the cancellation of debt amount of the debt owed to WELLS FARGO.

25      14.    As a result, Plaintiff was obligated to pay taxes on the cancelled debt.

26      15.    That WELLS FARGO still reported a balance on the Account, inclusive of interest

27  and fees, on Plaintiff's credit report.

28

16.    That EXPERIAN and TRANS UNION (collectively referred to as "the Defendant CRAs") are willfully reporting derogatory and inaccurate information about Plaintiff to third-parties.

17.    On August 30, 2016, Plaintiff sent written dispute letters, with supportive documentation, to the Defendant CRAs regarding the accuracy of the derogatory information reported by the Defendant CRAs. Exhibits B-C.

18.    That WELLS FARGO willfully failed to correct the inaccurate reporting of Account to the Defendant CRAs in violation of 15 U.S.C. § 1681s-2 and to the detriment of the consumer Plaintiff. Exhibits D-E.

19.    That the Defendant CRAs failed to correct the inaccurate reporting of Account in violation of 15 U.S.C. § 1681i and to the detriment of the consumer Plaintiff. Exhibits D-E.

20.    That the Defendant CRAs willfully failed to maintain reasonable procedures to assure maximum accuracy of the information contained in Plaintiff's credit report, in clear violation of 15 U.S.C. § 1681e.

21.    The foregoing acts and omissions of Defendants constitute unacceptable violations of the FCRA.

22.    As a result of the foregoing, Plaintiff has suffered damages in an amount to be shown at trial not exceeding $10,000.00.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act, and seeks her statutory remedies as defined by 15 U.S.C. § 1681n and demands:

1. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

2. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

3. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

1       4.  Any further legal and equitable relief as the court may deem just and proper in the

2           circumstances.

3       Respectfully submitted this 12th day of October, 2016.

4

5                                               MCCARTHY LAW, PLC
                                         By: _____
6                                               Devan E. Michael, Esq.
                                                Kevin F. McCarthy, Esq.
7                                               Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

THIS DOCUMENT ISSUED AS A YEAR 2015 TAX STATEMENT FOR A 1099 INFORMATION RETURN, 1098 MORTGAGE INTEREST STATEMENT OR 1098-E STUDENT LOAN STATEMENT - READ CAREFULLY

**TAX YEAR   2015**

WELLS FARGO BANK, N.A.
1-800-272-1514
P.O. BOX 3908                    114
PORTLAND, OR  97208

DATE: 05/26/16

E.I.N.  94-1347393
CORRECTED

COPY B

FOR BORROWER/DEBTOR

FOR TAX YEAR

2015

NICOLE FLOOR                              PI
20639 OAK CREEK LN
SARATOGA, CA   95070-3039

TAXPAYER ID NUMBER

XXX-XX-0810

2015 - 1099-C, CANCELLATION OF DEBT
                    ACCOUNT NUMBER
CREDIT CARD           3820
BOX 1       DATE OF IDENTIFIABLE EVENT        12/31/15
BOX 2       AMOUNT OF DEBT DISCHARGED         6,853.78
BOX 3       INTEREST INCLUDED IN BOX 2            .00
BOX 4   DEBT DESCRIPTION
CREDIT CARD
BOX 5 BORROWER WAS PERSONALLY LIABLE
        FOR REPAYMENT OF DEBT
BOX 6       IDENTIFIABLE EVENT CODE           G
BOX 7            FAIR MARKET VALUE               .00

TOTAL AMOUNT OF DEBT DISCHARGED             6,853.78

1099-A, Acquisition or Abandonment of Secured Property; OMB No 1545-0877 / 1099-C, Cancellation of Debt, OMB No. 1545-1424

This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines it has not been reported.

**PLEASE SEE REVERSE SIDE FOR INSTRUCTIONS**

51



*STC1A02608826BL*

# EXHIBIT B

Nicole A. Floor
20639 Oak Creek Lane
Saratoga, CA 95070


August 30, 2016


Experian
NCAC
PO Box 9701
Allen, TX 75013


**Re:   Name: Nicole A. Floor**
**Social Security #:** ████-0810
**Date of Birth:** ████
**Report date: 07/14/2016**
**Report #: 3506-6539-27**


To Whom It May Concern,

I am writing to dispute the following information in my file. I have attached the items I dispute on the enclosed copy of the credit report I received.

This item Wells Fargo Card Services account # ███████3820 is incorrectly reporting a balance owed of $7,515.00. This is inaccurate as a 1099 was issued by Wells Fargo Card Services for the full balance. See 1099 enclosed. I am requesting that the item be corrected to reflect a zero balance owed.

Please investigate this matter and correct the disputed item as soon as possible.



Sincerely,

Nicole A. Floor


**Experian**
A world of insight

# Your personal credit report

In response to your recent request, we're pleased to send you this credit report. Your credit information can change over time, so we recommend you keep track of any changes by signing up for credit monitoring at **experian.com/monitor**.

Scan me with your smart phone
for special offers from Experian.

PO Box 9701
Allen, TX 75013

00087&3 01 MB 0.416 **AUTO  3 0 7169 95070-303939      C03-P06771-I
NICOLE A FLOOR
20839 OAK CREEK LANE
SARATOGA CA 95070-3039

## What you'll find inside:

2   About the information in this report

2   Tools to manage your personal credit

3   Disputing information in this report

5   Your accounts that may be considered negative

10  Your accounts in good standing

11  Record of requests for your credit history

13  Your personal information

    Notification of Rights

## For your attention

Visit **experian.com/view** to view this credit report instantly online. You may also dispute most information directly and easily within the online report.

7169-03-00-000763-0001-0077926


**Experian**
A world of insight



| | |
|---|---|
| **WF CRD SVC**<br>PO BOX 14517<br>DES MOINES IA 50306<br>**Phone number**<br>(800) 642 4720<br>**Partial account number**<br>446540007496....<br>**Address identification number**<br>0192698269 | **Date opened**<br>Nov 2003<br>**First reported**<br>Jul 2011<br>**Date of status**<br>Nov 2012 |

| **Type**<br>Credit card<br>**Terms**<br>Not reported<br>**Monthly payment**<br>Not reported | **Credit limit or original amount**<br>$8,060<br>**High balance**<br>$8,837 | **Recent balance**<br>$7,515 as of Jul 2016 | **Responsibility**<br>Individual<br>**Status**<br>Account charged off. $7,515 written off. $7,515 past due as of Jul 2016.<br>This account is scheduled to continue on record until Apr 2018. |

**Payment history**

| 2016 | | | | | | 2015 | | | | | | | | | | | | 2014 | | | | | | | | | | | | 2013 | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB |
| CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |

| 2012 | | | | | | | | | | | 2011 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL |
| CO | CO | CO | 180 | 150 | 120 | 90 | 60 | 60 | 120 | 90 | ND | ND | 120 | 120 | 120 | 90 | 60 | 60 |

**Account history** - *If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND: No Data.*

| | Jun16 | Apr16 | Mar16 | Feb16 | Jan16 | Dec15 | Nov15 | Oct15 | Sep15 | Aug15 | Jul15 | Jun15 | May15 | Apr15 | Mar15 | Feb15 | Jan15 | Dec14 | Nov14 | Oct14 | Sep14 | Aug14 | Jul14 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **AB** = Account balance ($) | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 |
| **DPR** = Date payment received | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 |
| **SPA** = Scheduled payment amount ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| **AAP** = Actual amount paid ($) | 0 | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |

► *Between Jul 2014 and Jun 2016, your credit limit/high balance was $8,060*

THIS INSTRUMENT ISSUED AS A YEAR 2015 TAX STATEMENT FOR A 1099 INFORMATION RETURN. 1099-A, Acquisition or Abandonment of Secured Property OR 1099-C, STUDENT LOAN STATEMENT - READ CARE FULLY

TAX YEAR   2015

WELLS FARGO BANK, N.A.
1-800-272-1514
P.O. BOX 3908                     114          DATE: 05/26/16
PORTLAND, OR   97208                    E.I.N.  94-1347593
                                              CORRECTED

                                                              2015

NICOLE FLOOR                                        P7
20639 OAK CREEK LN
SARATOGA, CA   95070-3039                             XXX-XX-081 A

2015 - 1099-C, CANCELLATION OF DEBT
                 ACCOUNT NUMBER
CREDIT CARD                  3820
BOX 1        DATE OF IDENTIFIABLE EVENT            12/31/15
BOX 2         AMOUNT OF DEBT DISCHARGED           6,853.78
BOX 3         INTEREST INCLUDED IN BOX 2              .00
BOX 4   DEBT DESCRIPTION
CREDIT CARD
BOX 5  BORROWER WAS PERSONALLY LIABLE
       FOR REPAYMENT OF DEBT
BOX 6          IDENTIFIABLE EVENT CODE              G
BOX 7          FAIR MARKET VALUE                     .00

TOTAL AMOUNT OF DEBT DISCHARGED                   6,853.78

1099-A, Acquisition or Abandonment of Secured Property, OMB No 1545-0877 / 1099-C, Cancellation of Debt, OMB No. 1545-1424
This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines it has not been reported.

PLEASE SEE REVERSE SIDE FOR INSTRUCTIONS

                                                              51

# EXHIBIT C

Nicole A. Floor
20639 Oak Creek Lane
Saratoga, CA 95070


August 30, 2016


Transunion Consumer Relations
PO Box 2000
Chester, PA 19022-2000


Re:   **Name: Nicole A. Floor**
       **Social Security #:** ███-0810
       **Date of Birth:** ████████
       **Report date: 08/16/2016**
       **File #: 364279013**


To Whom It May Concern,

I am writing to dispute the following information in my file. I have attached the items I dispute on the enclosed copy of the credit report I received.

This item Wells Fargo Card Services account # ██████████3820 is incorrectly reporting a balance owed of $7,515.00. This is inaccurate as a 1099 was issued by Wells Fargo Card Services for the full balance. See 1099 enclosed. I am requesting that the item be corrected to reflect a zero balance owed.

Please investigate this matter and correct the disputed item as soon as possible.



Sincerely,

Nicole A. Floor



**TransUnion**

| File Number: | 364279013 |
| Date Issued: | 08/16/2016 |

## -Begin Credit Report-

### Personal Information

You have been on our files since 04/01/2000

SSN: XXX-XX-0810

Date of Birth:

**Names Reported:** NICOLE A. FLOOR and NICOLE F. DREW

### Addresses Reported:

Address                                   Date Reported as Address

### Account Information

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditors next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The key(s) below are provided to help you understand some of the account information that could be reported.

**Rating Key**

Some creditors report the timeliness of your payments each month in relation to your agreement with them. The ratings in the key below describe the payments that may be reported by your creditors. Any rating that is shaded indicates that it is considered adverse. Please note: Some but not all of these ratings may be present in your credit report.

| N/R | X | OK | 30 | 60 | 90 | 120 | COL | VS | RPO | C/O | FCL |
|-----|---|----|----|----|----|----|-----|----|----|----|----|
| Not Reported | Unknown | Current | 30 days late | 60 days late | 90 days late | 120+ days late | Collection | Voluntary Surrender | Repossession | Charge Off | Foreclosure |

### Adverse Accounts

Consumer Credit Report for NICOLE A. FLOOR

File Number: 364279013  Date Issued: 08/16/2016

## WELLS FARGO CARD SERVICE #446540007496**** (CREDIT BUREAU RESOLUTION, P O BOX 14517, DES MOINES, IA 50306, (800) 642-4720)

| | | | | |
|---|---|---|---|---|
| Date Opened: | 11/06/2003 | Balance: | $7,515 | Pay Status: >Charged Off< |
| Responsibility: | Individual Account | Date Updated: | 07/11/2016 | Terms: Paid Monthly |
| Account Type: | Revolving Account | Last Payment Made: | 06/20/2012 | Date Closed: 09/09/2011 |
| Loan Type: | CREDIT CARD | High Balance: | $8,837 | >Maximum Delinquency of 120 days in 10/2011 |
| | | Original Charge-off: | $7,515 | and in 10/2012 for $1,059< |
| | | Credit Limit: | $8,060 | |
| | | Past Due: | >$7,515< | |

Remarks: >UNPAID BALANCE CHARGED OFF<

Estimated month and year that this item will be removed: 02/2019

| | 06/2016 | 05/2016 | 04/2016 | 03/2016 | 02/2016 | 01/2016 | 12/2015 | 11/2015 | 10/2015 | 09/2015 | 08/2015 | 07/2015 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | | | | | | | | | | | |

| | 06/2015 | 05/2015 | 04/2015 | 03/2015 | 02/2015 | 01/2015 | 12/2014 | 11/2014 | 10/2014 | 09/2014 | 08/2014 | 07/2014 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | | | | | | | | | | | |

| | 06/2014 | 05/2014 | 04/2014 | 03/2014 | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 | 09/2013 | 08/2013 | 07/2013 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | | | | | | | | | | | |

| | 06/2013 | 05/2013 | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | | | | | | | | | | | | | | | |

| | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 | 09/2011 | 08/2011 | 07/2011 |
|---|---|---|---|---|---|---|---|---|
| Rating | X | X | 120 | | | | | |





THIS DOCUMENT ISSUED AS A YEAR 2015 TAX STATEMENT FOR A 1098 IN CHMATION RETURN 1098 MORTGAGE INTEREST STATEMENT
R 1098-E STUDENT LOAN STATEMENT - READ CAREFULLY

TAX YEAR   2015

WELLS FARGO BANK, N.A
1-800-272-1514                    DATE: 05/26/16
P.O. BOX 3908                114
PORTLAND, OR  97208          E.I.N.  94-1347393
                             CORRECTED

2015

NICOLE FLOOR                                     PI
20639 OAK CREEK LN
SARATOGA, CA  95070-3039                    TAXPAYER IDENTIFICATION
                                            XXX-XX-0810

2015 - 1099-C, CANCELLATION OF DEBT
              ACCOUNT NUMBER
CREDIT CARD                        3820
BOX 1        DATE OF IDENTIFIABLE EVENT        12/31/15
BOX 2        AMOUNT OF DEBT DISCHARGED          6,853.78
BOX 3        INTEREST INCLUDED IN BOX 2              .00
BOX 4   DEBT DESCRIPTION
CREDIT CARD
BOX 5 BORROWER WAS PERSONALLY LIABLE
        FOR REPAYMENT OF DEBT
BOX 6          IDENTIFIABLE EVENT CODE             G
BOX 7              FAIR MARKET VALUE               .00

TOTAL AMOUNT OF DEBT DISCHARGED               6,853.78

1099-A, Acquisition or Abandonment of Secured Property, OMB No 1545-0877 / 1099-C, Cancellation of Debt, OMB No 1545-1424
This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or
other sanction may be imposed on you if taxable income results from this transaction and the IRS determines it has not been reported.

PLEASE SEE REVERSE SIDE FOR INSTRUCTIONS

51

# EXHIBIT D



Experian
A world of insight

## Dispute Results

Our reinvestigation of the dispute you recently submitted is now complete. If we were able to make changes to your credit report based on information you provided, we have done so. Otherwise, we have contacted the company reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to: review all information we provide them about your dispute; verify the accuracy of the information; provide us a response to your dispute; and update their records and systems as necessary.

The results are on the following page. If an item disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the requested status at the time of our reinvestigation. If an item says "Deleted," we have removed it from your credit report and taken steps so it does not reappear. If an item says "Remains," it means the company that reports the information to us has certified it is reported accurately. If an item says "Updated," you should look at the item carefully to see whether you believe it is now accurate. Sometimes the updated information reflects only a change to a balance or date, because the company that reports that item to us has certified that the rest of the information is accurate.

If our reinvestigation has not resolved your dispute, you have several options:

- You may add a statement of up to 100 words to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to Experian including this information in every credit report we issue about you.

- You may contact the company that reports the information to us and dispute it directly with them. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

- You may provide us additional information or documents about your dispute to help us resolve it by visiting www.experian.com/upload. You may also mail your information to Experian, P.O. Box 9701, Allen, Texas 75013.

- You may file a complaint about Experian or the company reporting the item, with the Consumer Financial Protection Bureau or your State Attorney General's office.

If there has been a change to your credit history resulting from our reinvestigation, or if you add a consumer statement, you may request that Experian send an updated report to those who received your report within the last two years for employment purposes, or within the last six months for any other purpose (the past 12 months for residents of Colorado, Maryland or New York). If you send a request to have your results sent to past recipients of your credit report, please designate the organization's name and address. In the event an organization is not specifically designated, we will generally default to sending only to companies that have requested your credit information as a result of an action you took, such as applying for credit, insurance, employment or apartment rental.

If interested, you may also request a description of how the reinvestigation was conducted along with the business name, address and telephone number (if reasonably available) of the furnisher of information.

Thank you for helping ensure the accuracy of your credit information.

For frequently asked questions about your credit report, please visit experian.com/consumerfaqs.

If no information follows, our response appeared on the previous page.

By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (e.g. "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others, they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

PO Box 9701
Allen, TX 75013

0008137 02 M8 0.416 **AUTO  9 0 7237 95070-30939  -C02-P081454
NICOLE A FLOOR
20639 OAK CREEK LANE
SARATOGA CA 95070-3039

 **Experian**
A world of insight

**How to read your results**
**Deleted** - This item was removed from your credit report
**Remains** - This item was not changed as a result of our processing of your dispute
**Updated** - A change was made to this item; review this report to view the change. If ownership of the item was disputed, then it was verified as belonging to you
**Processed** - This item was either updated or deleted; review this report to learn its outcome

## Results

We have completed the processing of your dispute(s). Here are the results:

| Credit items | Outcome |
|---|---|
| WF CRD SVC 446540007496.... | Updated |

Visit experian.com/status to check the status of your pending disputes at any time.

0516219816



Prepared for: NICOLE A FLOOR
Date: October 03, 2016
Report number: 2301-9938-25
Page 3 of 12

## Your accounts that may be considered negative

The most common items in this section are late payments, accounts that have been charged off or sent to collection, bankruptcies, liens, and judgments. It also may contain items that are not necessarily negative, but that a potential creditor might want to review more closely, such as an account that has been settled or transferred. This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies, which may remain for up to 10 years. Unpaid tax liens may remain for up to 10 years from the filing date, and paid tax liens may remain for up to seven years from the filing date. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

**Payment history legend**

| | |
|---|---|
| OK | Current/Terms of agreement met |
| 30 | Account 30 days past due |
| 60 | Account 60 days past due |
| 90 | Account 90 days past due |
| 120 | Account 120 days past due |
| 150 | Account 150 days past due |
| 180 | Account 180 days past due |
| CRD | Creditor received deed |
| FS | Foreclosure proceedings started |
| F | Foreclosed |
| VS | Voluntarily surrendered |
| R | Repossession |
| PBC | Paid by creditor |
| IC | Insurance claim |
| G | Claim filed with government |
| D | Defaulted on contract |
| C | Collection |
| CO | Charge off |
| CLS | Closed |
| ND | No data for this time period |



0516219816



**Experian**

A world of insight

| WF CRD SVC | Date opened | Type | Credit limit or | Recent balance | Responsibility |
|---|---|---|---|---|---|
| PO BOX 14517 | Nov 2003 | Credit card | original amount | $7,515 as of Oct | Individual |
| DES MOINES IA 50306 | **First reported** | **Terms** | $8,060 | 2016 | **Status** |
| **Phone number** | Aug 2011 | Not reported | **High balance** | | Account charged off. $7,515 written off. $7,515 past due as of |
| (800) 642 4720 | **Date of status** | **Monthly** | $8,837 | | Oct 2016. |
| **Partial account number** | Dec 2012 | **payment** | | | This account is scheduled to continue on record until May |
| 446540007496 | | Not reported | | | 2018. |
| **Address identification number** | | | | | **Comment** |
| 0192698269 | | | | | Completed investigation of FCRA dispute - consumer |
| | | | | | disagrees. |
| | | | | | This item was updated from our processing of your dispute in |
| | | | | | Oct 2016. |

**Payment history**

| 2016 | | | | | | | | | | | | 2015 | | | | | | | | | | | | 2014 | | | | | | | | | | | | 2013 | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY |
| CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |

| | | | 2012 | | | | | | | | | 2011 | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | |
| CO | CO | CO | CO | CO | 180 | 150 | 120 | 90 | 60 | 60 | 30 | 30 | ND | ND | 120 | 120 | 120 | 90 | 60 | 30 | |

**Account history** - *If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made.* ND: No Data.

AB = Account balance ($)   DPR = Date payment received   SPA = Scheduled payment amount ($)   AAF = Actual amount paid ($)

| | Aug16 | Jul16 | Jun16 | Apr16 | Mar16 | Feb16 | Jan16 | Dec15 | Nov15 | Oct15 | Sep15 | Aug15 | Jul15 | Jun15 | May15 | Apr15 | Mar15 | Feb15 | Jan15 | Dec14 | Nov14 | Oct14 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **AB** | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 | 7,515 |
| **DPR** | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 | Jun20 |

0516219816

7237-02-00-0008137-0002-0068742



**Experian**
A world of insight

Your accounts that may be considered negative (continued)

| SPA | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| AAP | ND | ND | 0 | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |

▶ Between Oct 2014 and Aug 2016, your credit limit/high balance was $8,060

## Your accounts in good standing

These items may stay on your credit report for as long as they are open. Once an account is
closed or paid off it may continue to appear on your report for up to ten years.



# EXHIBIT E

*** 364279013-019 ***
P.O. Box 2000
Chester, PA 19016-2000

09/15/2016



P63X7C00301682-I016811-024823488

NICOLE A. FLOOR
20639 OAK CREEK LN
SARATOGA, CA 95070-3039

**TransUnion requests your feedback. Please take this brief anonymous survey and tell us how we are doing.**

**www.TUCares.com**

Our investigation of the dispute you recently submitted is now complete. If we were able to make changes to your credit report based on information you provided, we have done so. Otherwise, we have contacted the company reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to: review all information we provide them about your dispute; verify the accuracy of the information; provide us a response to your dispute; and update their records and systems as necessary.

The results are listed below. If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the requested status at the time of our investigation. If an item says, "Deleted" we have removed it from your credit report and taken steps so it does not reappear. If an item says, "Verified, no change" it means the company that reports the information to us has certified it is reported accurately. If an item says "New Information Below" you should look at the item carefully to see whether you believe it is now accurate. Sometimes the new information reflects only a change to a balance or date, because the company that reports that item to us has certified that the rest of the information is accurate.

If our investigation has not resolved your dispute, you have several options:

- You may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to TransUnion including this information in every credit report we issue about you.

- You may contact the company that reports the information to us and dispute it directly with them. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

- You may provide us additional information or documents about your dispute to help us resolve it by visiting www.transunion.com/dispute and indicating you are filing a repeat dispute. You will be prompted to add additional information you feel is relevant to your dispute as well as upload supporting documentation.

- You may file a complaint about TransUnion, or the company reporting the item, with the Consumer Financial Protection Bureau or your State Attorney General's office.

If there has been a change to your credit history resulting from our investigation, or if you add a consumer statement, you may request that TransUnion send an updated report to those who received your report within the last two years for employment purposes, or within the last six months for any other purpose.

If interested, you may also request a more detailed description of how the investigation was conducted along with the business name, address and telephone number of the source of information.

Thank you for helping ensure the accuracy of your credit information.

For frequently asked questions about your credit report, please visit http://transunion.com/consumerfaqs.

# Investigation Results

| ITEM | DESCRIPTION | RESULTS |
|------|-------------|---------|
| | | |
| WELLS FARGO CARD SERVICE | # 446540007496**** | NEW INFORMATION BELOW |



**WELLS FARGO CARD SERVICE #446540007496****** ( CREDIT BUREAU RESOLUTION, P O BOX 14517, DES MOINES, IA 50306, (800) 642-4720 )

| | | | |
|---|---|---|---|
| **Date Opened:** | 11/06/2003 | **Balance:** | $7,515 |
| **Responsibility:** | Individual Account | **Date Updated:** | 09/14/2016 |
| **Account Type:** | Revolving Account | **Last Payment Made:** 06/20/2012 | |
| **Loan Type:** | CREDIT CARD | **High Balance:** | $8,837 |
| | | **Credit Limit:** | $8,060 |
| | | **Past Due:** | ›$7,515‹ |

**Pay Status:** ›Charged Off‹
**Terms:** Paid Monthly
**Date Closed:** 09/09/2011
›Maximum Delinquency of 120 days in 10/2011 and in 10/2012 for $1,059‹

Remarks: DISP INVG COMP-CONSUM DISAGRS; ›UNPAID BALANCE CHARGED OFF‹
Estimated month and year that this item will be removed: 02/2019

| | 08/2016 | 07/2016 | 06/2016 | 05/2016 | 04/2016 | 03/2016 | 02/2016 | 01/2016 | 12/2015 | 11/2015 | 10/2015 | 09/2015 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| | 08/2015 | 07/2015 | 06/2015 | 05/2015 | 04/2015 | 03/2015 | 02/2015 | 01/2015 | 12/2014 | 11/2014 | 10/2014 | 09/2014 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| | 08/2014 | 07/2014 | 06/2014 | 05/2014 | 04/2014 | 03/2014 | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 | 09/2013 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| | 08/2013 | 07/2013 | 06/2013 | 05/2013 | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 | 06/2012 | 05/2012 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | 120 | 120 | 120 | 90 | 60 | 60 |

| | 04/2012 | 03/2012 | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 | 09/2011 | 08/2011 | 07/2011 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 30 | 30 | X | X | 120 | 120 | 120 | 90 | 60 | 30 |

**- End of investigation results -**

To view a free copy of your full, updated credit file, go to our website www.transunion.com/fullreport

**-End of Credit Report-**

1

**McCARTHY LAW PLC**
CANDID CONVERSATION. WISE COUNSEL.

2
Kevin Fallon McCarthy, 011017
Devan E. Michael, 032803

3
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ 85251

4
602-456-8900
Devan.michael@mccarthylawyer.com

5
Attorneys for Plaintiff

McDOWELL MOUNTAIN
JUSTICE COURT
FILED

16 OCT 17 AM 10: 09

6
### McDOWELL MOUNTAIN JUSTICE COURT
### MARICOPA COUNTY, STATE OF ARIZONA

7
18380 NORTH 40TH STREET, PHOENIX, ARIZONA 85032

8
NICOLE FLOOR (DREW),

9
            Plaintiff,

10
v.

11
WELLS FARGO BANK, NATIONAL
ASSOCIATION, EXPERIAN

12
INFORMATION SOLUTIONS, INC., AND
TRANS UNION LLC,

13
            Defendants.

Case No.: CC2016186591

**INITIAL DISCOVERY SET TO**

**TRANS UNION LLC**

14

15
        Plaintiff, NICOLE FLOOR (DREW), gives notice of service upon and requests that

16
Defendant individually respond to the following interrogatories, requests for production, and

17
requests for admission within sixty (60) days of service.

18
### PREFATORY INSTRUCTIONS TO INTERROGATORIES

19
        The Justice Court Rules of Civil Procedure allow a party to send up to forty (40)
interrogatories to another party. An interrogatory is a written question that is sent by a party to

20
another party that must be answered in writing and under oath by the party to whom the
interrogatory is sent. If you do not answer an interrogatory because you object to the interrogatory,

21
you must state a reason for your objection.

22
        Provide your answers in the space directly below each question. If there is not enough space
for your answer to a particular question, you may continue on a blank page by including the

23
question above your answer. After you have completed your response to the interrogatories, you
must sign on the last page to affirm that you have truthfully answered the questions and that you

24
have a good faith basis for any objections that you may have made. You must provide your original
answers to interrogatories to the party who sent them to you, and you must provide a copy to every

25
other party in the lawsuit.

26
        Your response to these interrogatories is due forty (40) days after they have been served
on you, unless the interrogatories were served with the summons and complaint, in which case

27
your response is due within sixty (60) days after the date of service, or unless otherwise ordered by
the court. If you do not answer these interrogatories by the date provided in this notice, the party

28
who served them may file a motion asking that the court order you to answer them. If the court
enters that order, the court may also require you to pay expenses, including attorneys' fees incurred

McCARTHY LAW, PLC
4250 N. DRINKWATER BLVD
SUITE 320
SCOTTSDALE, ARIZONA 85251

Floor v. Wells Fargo Bank et al.                    1                    DISCOVERY

by the other party in obtaining the order. If you fail to comply with the order, the other party may ask the court to impose additional penalties against you, including: that you may not introduce evidence of some or all or your claims or defenses in this lawsuit; if you are a plaintiff, that your lawsuit be dismissed; or if you are a defendant, that judgment be entered against you by default.

All information is to be divulged which is in the possession of the individual or corporate party, his attorneys, investigators, agents, employees, or other representatives of the named party.

When an individual interrogatory calls for an answer that involves more than one party, each part of the answer should clearly set out so that it is understandable.

## DEFINITIONS

When the terms "you," "Plaintiff" or "Defendant" are used, they are meant to include every individual party and include your agents, employees, your attorneys, your accountants, your investigators, anyone else acting on your behalf. Separate answers should be given for each person named as the party, if requested.

When the term "document" is used, it is meant to include every "writing", "recording" and "photograph' as those terms are defined in Rule 1001, Ariz.R.Evid. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

    (a)    the nature of the document (e.g., letter, memorandum, contract, etc.);

    (b)    the author or sender of the document;

    (c)    the recipient of the document;

    (d)    the date the document was authored, sent, and/or received; and

    (e)    the reason such document is allegedly privileged.

Where the term "contract" is used, it is meant to mean or to include the contract between the parties to this action that is the subject of the pleadings.

Where the terms "claim" or "claims" are used, they are meant to mean or to include a demand, cause of action or assertion for something due or believed to be due.

Where the terms "defense" or "defenses" are used, they are meant to mean or to include any justification, excuse, denial or affirmative defense in response to the opposing party's claim.

Where the term "negotiation(s)" is used, it is meant to mean or to include conversations, discussions, meetings, conferences and other written or verbal exchanges that relate to the contract.

Where the term "Audit Trail" is used, it is meant to mean or include a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the identity, address, employer and title of the person(s) taking the action, the identity,

1   address, employer and title of the person(s) authorizing the action, a detailed explanation of the
2   action taken, the date of the action, the means used to effect such action, the location of origin of
    the action and the reason the action was taken.

3       Where the term "data" is used, it is meant to mean or include the physical symbols in the
    broadest sense that represent information, regardless of whether the information is oral, written or
4   otherwise recorded.

5       "Identify" means that you should state:

6           (a) any and all names, legal, trade or assumed;

7           (b) all addresses used; and

8           (c) all telephone and tele-fax numbers used.
9

10      "Person(s)" means any human being, sole proprietorship, limited partnership, partnership,
    association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.
11

12      "Personal Identifiers" means a person's name or social security number or other unique
    data which identifies or is associated with a particular "person."

13      The term "consumer reporting agency" means any person which, for monetary fees, dues,
14  or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of
    assembling or evaluating consumer credit information or other information on consumers for the
15  purpose of furnishing consumer reports to third parties, and which uses any means or facility of
    interstate commerce for the purpose of preparing or furnishing consumer reports.
16

17                      **NON UNIFORM INTERROGATORIES**

18  **INTERROGATORY NO. 1:**  Please identify the names, addresses, and telephone numbers of all

19  persons who supplied information responsive to these interrogatories.

20  **ANSWER:**

21

22

23  **INTERROGATORY NO. 2:**  Please identify the names, addresses, and telephone numbers of all

24  persons who have personal knowledge of any of the facts, events, or matters that are alleged in

25  Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and

26  explain your understanding of the matters on which the persons named have knowledge.

27  **ANSWER:**

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTERROGATORY NO. 3:** Please identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other person relating or referring to the facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or defenses thereto.

**ANSWER**:

**INTERROGATORY NO. 4:** Please identify each person whom you may call as a witness at trial including name, address, and telephone number, and the substance of the facts and opinions to which the witness may testify.

**ANSWER**:

**INTERROGATORY NO. 5:** Please list, explain and describe documents known to you or believed by you to exist concerning the events described in Plaintiff's complaint or concerning any event which is the subject of any defense you have raised to this lawsuit.

**ANSWER**:

**INTERROGATORY NO. 6:** Please identify each employee or non-employee witness or expert witness you believe may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit. For each such person identified, please list each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or by report furnished to the court or opposing counsel. Please explain and describe the nature of each such statement by the person so identified. Please identify the

1  lawsuit by complete caption, court name, cause number, and date the affidavit, deposition, trial

2  testimony, or report was made, taken or occurred.

3  **ANSWER:**

4

5

6  **INTERROGATORY NO. 7:** Please identify all individuals known to you or your attorney who

7  are not witnesses, but who you have reason to believe have knowledge pertinent to the events at

8  issue as alleged in the pleadings, and provide a brief summary of the facts to which each such

9  person could testify. For each person, please state the following:

10      a.      Please state whether each such person is affiliated with, or related

11              to, or employed by any party (or its agents, servants, officers, or employees)

12              to this lawsuit;

13      b.      If any of the persons so listed in response to this interrogatory do not

14              fit the characterization in subpart (a) above, please describe the nature of

15              their involvement in this lawsuit;

16      c)      Please explain and describe your understanding of their knowledge

17              of such facts.

18  **ANSWER:**

19

20

21  **INTERROGATORY NO. 8:** Please state whether any of the individuals listed in the answers to

22  the preceding interrogatories have given any statement[s] to you and, if so, please identify the

23  individual giving the statement, identify the individual to whom the statement was given, the date

24  of the statement, and whether or not the statement was written or recorded and, if it was written or

25  recorded, identify the individual presently in possession of such writing or recording.

26  **ANSWER:**

27

28

1  **INTERROGATORY NO. 9:**  Please list each exhibit which you may attempt to introduce as

2  evidence at the trial of this case, or which has been used or referred to by any witness, expert or

3  lay, on your behalf.

4  **ANSWER**:

5

6

7  **INTERROGATORY NO. 10:** For each paragraph of Plaintiff's complaint which you deny the

8  allegations, please explain and describe any facts which you believe support each denial.

9  **ANSWER**:

10

11

12  **INTERROGATORY NO. 11:**   Please explain and describe when, how and under what

13  circumstances you archive, retain or capture account data in any file bearing any of Plaintiffs'

14  personal identifiers. List the archived data files and reports wherein any personal information about

15  Plaintiff or attributed to any of Plaintiff's personal identifiers, including the date such data was

16  captured, retained and/or archived, who has possession of those reports, the manner in which the

17  reports are maintained, and the retention policy[ies] regarding those reports. This request includes

18  your normal data file retention processes.

19  **ANSWER**:

20

21

22  **INTERROGATORY NO. 12:**  Please explain and describe when and how you transmit account

23  data stored in any file bearing any of Plaintiff's personal identifiers to any Consumer Reporting

24  Agency ("CRA").

25

26  **ANSWER**:

27

28

**INTERROGATORY NO. 13:**   Please explain and describe any disputes you received from Plaintiff or concerning Plaintiff and explain and describe your actions and disposition of your actions in connection with each contact or communication.

**ANSWER:**

**INTERROGATORY NO. 14:**   Please explain and describe each Consumer Dispute Verification or Automated Consumer Dispute Verification ("CDV" or "ACDV" respectively) communication or other dispute communication you issued to any furnisher of credit information which pertained to Plaintiff or any of his/her personal identifiers. For each such CDV, ACDV or other dispute communication, please identify the person reporting such dispute, state the date the dispute was received and the date you issued any response, explain and describe the dispute conveyed, and fully explain and describe your response[s] on each such occasion.

**ANSWER:**

**INTERROGATORY NO. 15:**   Please list, explain and describe each and every code contained in each reinvestigation record and file and retained computer record and screen/file you generated and accessed regarding Plaintiff. For each such code, please also explain and describe, in detail, the purpose of such code, the content of such action, the duration of such action, and the reason you permitted such action or entry.

**ANSWER:**

## PREFATORY INSTRUCTIONS TO REQUEST FOR PRODUCTION

The Justice Court Rules of Civil Procedure allow a party to request from another party up to ten (10) documents or items, or up to ten (10) categories of documents or items. If you do not produce a document or a category of documents or items because you object to a specific request,

1   you must state a reason for your objection. A party may also request to enter on to designated land or other property to inspect it, or to take measurements, photographs, or samples.

2      A party who produces documents must provide them as they are kept in the usual course of

3   business, or they must organize and label them in response to the requests. Electronic documents or electronic records must be produced in the format that has been requested or in the format that the electronic documents or records are usually kept.

4      You must provide your original response to requests under this rule to the party who sent

5   them to you, and you must provide a copy to every other party in the lawsuit. Your response to requests made under this rule is due forty (40) days after the requests have been served on you,

6   unless the requests were served with the summons and complaint, in which case your response is due within sixty (60) days after the date of service, or unless otherwise ordered by the court. If you

7   do not comply with the requests that have been made in this notice, the party who served them may file a motion asking that the court order you to comply. If the court enters that order, the court may

8   also require you to pay expenses, including reasonable attorneys' fees, incurred by the other party

9   in obtaining the order. If you fail to comply with the order, the other party may ask the court to impose additional penalties against you, including: that you may not introduce evidence of some

10  or all or your claims or defenses in this lawsuit; if you are a Plaintiff, that your lawsuit be dismissed; or if you are a defendant, that judgment be entered against you by default.

11

12     Each of the above-named parties is to produce for inspection and copying all documents in their possession or control or otherwise available to it/them that is/are responsive to the requests

13  contained in the numbered paragraphs below. Each of the above-named parties shall specify which documents are produced in response to each of the numbered paragraphs.

14

15     If any document herein requested was formerly in the possession, custody, or control of each of the above-named parties and has been lost or destroyed, each of the above-named parties

16  is requested to submit in lieu of each document a written statement which:

17     1. Describes in detail the nature of the document and its contents; AND

18     2. Identifies the person who prepared or authored the document and, if applicable, the person(s) to whom the document was sent; AND

19

20     3. Specifies the date on which the document was prepared or transmitted or both; AND

21     4. Specifies, if possible the date on which the document was lost or destroyed, and, if destroyed, the conditions or the reasons for such destruction and the persons requesting and

22  performing the destruction.

23     If any document otherwise required to be produced by this request is withheld on the grounds of privilege or otherwise, you shall identify the document by document control number if

24  available, or other sufficient information to identify the document and the reasons for the non-disclosure.

25

26     This request for production of documents is continuing and any document obtained or located subsequent to production, which would have been produced, had it been available or its

27  existence known at the time is to be supplied forthwith.

28                                      **DEFINITIONS**

When the terms "you," "Plaintiff" or "Defendant" are used, they are meant to include every individual party and include your agents, employees, your attorneys, your accountants, your investigators, anyone else acting on your behalf. Separate answers should be given for each person named as the party, if requested.

When the term "document" is used, it is meant to include every "writing", "recording" and "photograph' as those terms are defined in Rule 1001, Ariz.R.Evid. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

   (a)    the nature of the document (e.g., letter, memorandum, contract, etc.);

   (b)    the author or sender of the document;

   (c)    the recipient of the document;

   (d)    the date the document was authored, sent, and/or received; and

   (e)    the reason such document is allegedly privileged.


   Where the term "contract" is used, it is meant to mean or to include the contract between the parties to this action that is the subject of the pleadings.

   Where the terms "claim" or "claims" are used, they are meant to mean or to include a demand, cause of action or assertion for something due or believed to be due.

   Where the terms "defense" or "defenses" are used, they are meant to mean or to include any justification, excuse, denial or affirmative defense in response to the opposing party's claim.

   Where the term "negotiation(s)" is used, it is meant to mean or to include conversations, discussions, meetings, conferences and other written or verbal exchanges that relate to the contract.

   Where the term "Audit Trail" is used, it is meant to mean or include a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken.

   Where the term "data" is used, it is meant to mean or include the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

   "Identify" means that you should state:

      (a) any and all names, legal, trade or assumed; AND

      (b) all addresses used; AND

1

(c) all telephone and tele-fax numbers used.

2

3

"Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

4

"Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

5

6

7

8

9

The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

10

## <u>REQUESTS FOR PRODUCTION</u>

11

12

13

14

**REQUEST NO. 1:**  Please produce a copy of all documents or computerized records, kept in any form or manner, known to you or believed by you to exist concerning any of the events described in Plaintiff's Complaint or concerning any of the events which are the subject[s] of any allegations, defense[s] or contentions you have raised to this lawsuit or in connection with this lawsuit.

15

**ANSWER:**

16

17

18

19

20

21

22

**REQUEST NO. 2:**  Please produce a complete and legible copy, transcription and summary of any statement[s], in any recorded format, provided to you or your attorneys in connection with any of the facts, asserted by any person, in this lawsuit and, if the witness produce any tangible item, please produce that item for inspection and copying at the time of your responses or produce a copy of that item with your responses.

23

24

**ANSWER:**

25

26

27

**REQUEST NO. 3:**

28

1  Please produce a complete and legible copy of each exhibit which you may attempt to introduce as

2  evidence at the trial of this case.

3  **ANSWER:**

4

5

6  **REQUEST NO. 4:**  For each paragraph of Plaintiff's petition for which you deny the allegations,

7  please provide a copy of any evidence or proof which you believe may support each denial.

8  **ANSWER:**

9

10

11  **REQUEST NO. 5:**  Please produce a complete and legible copy of any communications you

12  received from Plaintiff and which you sent to Plaintiff.

13  **ANSWER:**

14

15

16

17

18

19

20

21

22  **PREFATORY INSTRUCTIONS TO REQUEST FOR ADMISSION**

23      The Justice Court Rules of Civil Procedure allow a party to send up to twenty-five (25)
requests for admissions to another party. Each request must contain only one fact or one contention

24  to admit or deny. A request may inquire about whether a document is genuine or accurate. You
must admit or deny each of these requests, unless you object to a request, in which case you must

25  state a reason for your objection. You may not object on the basis that you do not have knowledge

26  or information concerning the request unless you have first made a reasonable inquiry to obtain
knowledge or information.

27      You must provide your original response to requests under this rule to the party who sent

28  them to you, and you must provide a copy to every other party in the lawsuit. Responses to requests

for admissions are due forty (40) days from the date they are served, unless the requests were served with the summons and complaint, in which case your response is due within sixty (60) days after the date of service, or as ordered by the court.

If you do not respond to these requests for admissions by the date provided in this notice, your failure to respond may be considered as an admission of the requests.

### DEFINITIONS

When the terms "you," "Plaintiff" or "Defendant" are used, they are meant to include every individual party and include your agents, employees, your attorneys, your accountants, your investigators, anyone else acting on your behalf. Separate answers should be given for each person named as the party, if requested.

When the term "document" is used, it is meant to include every "writing", "recording" and "photograph' as those terms are defined in Rule 1001, Ariz.R.Evid. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

     (a)    the nature of the document (e.g., letter, memorandum, contract, etc.);

     (b)    the author or sender of the document;

     (c)    the recipient of the document;

     (d)    the date the document was authored, sent, and/or received; and

     (e)    the reason such document is allegedly privileged.

Where the term "contract" is used, it is meant to mean or to include the contract between the parties to this action that is the subject of the pleadings.

Where the terms "claim" or "claims" are used, they are meant to mean or to include a demand, cause of action or assertion for something due or believed to be due.

Where the terms "defense" or "defenses" are used, they are meant to mean or to include any justification, excuse, denial or affirmative defense in response to the opposing party's claim.

Where the term "negotiation(s)" is used, it is meant to mean or to include conversations, discussions, meetings, conferences and other written or verbal exchanges that relate to the contract.

Where the term "Audit Trail" is used, it is meant to mean or include a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken.

1
2
Where the term "data" is used, it is meant to mean or include the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

3
"Identify" means that you should state:

4
(a) any and all names, legal, trade or assumed; AND

5
(b) all addresses used; AND

6
(c) all telephone and tele-fax numbers used.

7
8
"Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

9
10
"Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

11
12
13
14
The term "Consumer Reporting Agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15
**REQUESTS FOR ADMISSION**

16
17
**REQUEST FOR ADMISSION NO. 1:**   Admit that you, Defendant, inaccurately reported information related to Plaintiff's account which is the subject of this suit.

18
☐ADMIT  ☐DENY

19
20
21
**REQUEST FOR ADMISSION NO. 2:**   Admit that you, Defendant, failed to correct the inaccurate information you reported regarding Plaintiff's account which is the subject of this suit.

22
☐ADMIT  ☐DENY

23
24
25
**REQUEST FOR ADMISSION NO. 3:**  Admit that you, Defendant, received a dispute regarding Plaintiff's account which is the subject of this suit.

26
☐ADMIT  ☐DENY

27
28
**REQUEST FOR ADMISSION NO. 4:**   Admit that you, Defendant, failed to have systems in

1   place to accurately identify and relay all the pertinent details of the dispute to the party reporting

2   such information.

3          ☐ADMIT ☐DENY

4

5   **REQUEST FOR ADMISSION NO. 5:** Admit that you, Defendant, failed to conduct a

6   reinvestigation regarding Plaintiff's disputed account which is the subject of this suit, after the

7   party reporting the incorrect information verified it through the ACDV.

8          ☐ADMIT ☐DENY

9

10  **REQUEST FOR ADMISSION NO. 6:** Admit that you, Defendant, failed to have reasonable

11  systems in place to prevent a party that reports information, from automatically updating any

12  manually flagged accounts, once disputes have been submitted.

13         ☐ADMIT ☐DENY

14

15       Respectfully submitted this 12th day of October, 2016.

16                   MCCARTHY LAW, PLC

17

18                   By:_____
                       Devan E. Michael, Esq.

19                     Kevin Fallon McCarthy, Esq.
                       Attorney for Plaintiff(s)

20

21

22

23

24

25

26

27

28

**MCCARTHY LAW PLC**
CANDID CONVERSATION. WISE COUNSEL.

Kevin Fallon McCarthy, 011017
Joon N. Kee, 028152
Devan E. Michael, 032803
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ 85251
602-456-8900
joon.kee@mccarthylawyer.com
Devan.michael@mccarthylawyer.com
Attorneys for Plaintiff(s)

## McDOWELL MOUNTAIN JUSTICE COURT
## MARICOPA COUNTY, STATE OF ARIZONA
### 18380 NORTH 40TH STREET, PHOENIX, ARIZONA 85032

| | |
|---|---|
| NICOLE FLOOR (DREW), | Case No.: CC2016-186591 |
| Plaintiff, | |
| v. | **NOTICE OF SETTLEMENT** |
| WELLS FARGO BANK, NATIONAL ASSOCIATION, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC, | |
| Defendants. | |

Plaintiff NICOLE FLOOR (DREW) ("Floor") and Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter together with Plaintiff, the "Parties"), by and through their undersigned counsel, hereby notify the Court that the Parties have reached a settlement in the above-referenced matter which will include the dismissal with prejudice of all claims against EXPERIAN INFORMATION SOLUTIONS, INC. The Parties are in the process of consummating the settlement, whereupon the Parties will file a request for dismissal. The Parties anticipate that the settlement and dismissal of claims against EXPERIAN INFORMATION SOLUTIONS, INC. will be finalized within the next 30 days.

DATED this 9th day of November, 2016.

MCCARTHY LAW PLC
By: _____
Devan E. Michael
Kevin Fallon McCarthy
Joon N. Kee
Attorneys for Plaintiff

DESSAULES LAW GROUP

By: _____
(with Permission)
Jonathan Dessaules
Attorney for Defendant: Experian Information Solutions, Inc.

Floor v. Wells Fargo Bank et al          Ntc of Smlt

Transmitted this 9th day of November, 2016:

1

2    McDowell Mountain Justice                                    Filed            ☒
     Court
3    18380 North 40th Street
     Phoenix, Arizona 85032
4

5
     Jonathan A. Dessaules                                        Delivered        ☐
6    Dessaules Law Group          jdessaules@dessauleslaw.com     Faxed            ☐
     5353 N. 16th Street, #110                                    E-Mailed         ☒
7    Phoenix, AZ 85016                                            Mailed           ☒
     Attorney for Defendant:
8    Experian Information
9    Solutions, Inc.

10   Philip R. Wooten             Philip.wooten@azbar.org         Delivered        ☐
     Philip R. Wooten, P.C.       pwooten1@cox.net                Faxed            ☐
11   3413 East Equestrian Trail                                   E-Mailed         ☒
     Phoenix, AZ 85044-3403                                       Mailed           ☒
12   Attorney for Defendant: Trans
13   Union LLC

14

15

16

17   By:   /s/ Devan Michael

18

19

20

21

22

23

24

25

26

27

28

McCarthy Law, PLC
4250 N. Drinkwater Blvd
Suite 320
Scottsdale, Arizona 85251

Floor v. Wells Fargo Bank et al          Ntc of Smlt

# EXHIBIT B



1    Adam E. Lang (022545)
     Jenny J. Winkler (019032)
2    SNELL & WILMER L.L.P.
     One Arizona Center
3    400 E. Van Buren
     Phoenix, AZ  85004-2202
4    Telephone: (602) 382-6000
     alang@swlaw.com
5    jwinkler@swlaw.com
     Attorneys for Defendants
6    Wells Fargo Bank, National Association

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Nicole Floor (Drew), | No. |
| Plaintiff, | |
| v. | **DEFENDANT WELLS FARGO BANK, NATIONAL ASSOCIATION'S JOINDER IN AND CONSENT TO REMOVAL** |
| Wells Fargo Bank, National Association, Experian Information Solutions, Inc., and Trans Union LLC, | (Removed from McDowell Mountain Justice Court, Maricopa County, Case No. CC2016186591) |
| Defendants. | |

Without waiving any of its defenses or any other rights, Defendant Wells Fargo Bank, National Association hereby consents to the notice of removal of this action from the McDowell Mountain Justice Court, Maricopa County, State of Arizona, wherein it is now pending, to the United States District Court for the District of Arizona.  Removal of this action is proper for the reasons set forth in the Notice of Removal and Exhibits thereto filed by Co-Defendant Trans Union LLC.  Defendant Wells Fargo Bank, National Association first received a copy of the Summons and Complaint, the initial pleading setting forth the claim for relief upon which this action is based, on October 25, 2016.

///

///

25156987

1    DATED this 4th day of November, 2016.

2                                    SNELL & WILMER L.L.P.

3

4                              By   /s/Jenny Winkler
                                    Adam E. Lang
5                                   Jenny J. Winkler
                                    One Arizona Center
6                                   400 E. Van Buren
                                    Phoenix, AZ  85004-2202
7                                   *Attorneys for Defendants*
                                    *Wells Fargo Bank, N.A. and Deutsche Bank National*
8                                   *Trust Company, as Trustee for First Franklin*
                                    *Mortgage Loan Trust 2006-FF11, Mortgage Pass-*
9                                   *Through Certificates, Series 2006-FF-11*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

- 2 -

25156987

1  Jonathan A. Dessaules, SBN 019439
   Dessaules Law Group
2  5353 N. 16th Street, Suite 110
   Phoenix, AZ  85016
3  Telephone: (602) 274-5400
   Facsimile: (602) 274-5401
4  Email: jdessaules@dessauleslaw.com
5
   *Local Counsel for Defendant*
6  *Experian Information Solutions, Inc.*

7              **UNITED STATES DISTRICT COURT**
                      **DISTRICT OF ARIZONA**
8

9  NICOLE FLOOR (DREW),                    Case No. _____
            Plaintiff,
10
      v.                                   **DEFENDANT EXPERIAN**
11                                         **INFORMATION SOLUTIONS, INC.'S**
   WELLS FARGO BANK, NATIONAL              **JOINDER IN AND CONSENT TO**
12 ASSOCIATION, EXPERIAN INFORMATION       **REMOVAL**
   SOLUTIONS, INC., AND TRANS UNION
13 LLC,                                    (Removed from McDowell Mountain
            Defendants.                    Justice Court, Maricopa County,
14                                         Case No. CC2016186591)

15

16        Without waiving any of its defenses or any other rights, Defendant Experian Information

17 Solutions, Inc. hereby consents to the notice of removal of this action from the McDowell

18 Mountain Justice Court, Maricopa County, State of Arizona, wherein it is now pending, to the

19 United States District Court for the District of Arizona.  Removal of this action is proper for the

20 reasons set forth in the Notice of Removal and Exhibits thereto filed by Co-Defendant Trans

21 Union LLC.  Defendant Experian Information Solutions, Inc. first received a copy of the

22 Summons and Complaint, the initial pleading setting forth the claim for relief upon which this

23 action is based, on October  21, 2016.

24 ///

25 ///

26 ///

27 ///

28

8410153.1/SP/83057/2543/110116

1    Respectfully submitted this _____ day of November, 2016.

2

3                                    Jonathan Adam Dessaules
                                     Dessaules Law Group
4                                    5353 N 16th St., Ste. 110
                                     Phoenix, AZ 85016
5                                    602-274-5400
                                     Fax: 602-274-5401
6                                    Email: jdessaules@dessauleslaw.com

7                                    **Local Counsel for**
                                     **Experian Information Solutions, Inc.**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28